1  SEYFARTH SHAW LLP
2  Jon D. Meer (SBN 144389)
   *jmeer@seyfarth.com*
3  Joshua A. Rodine (SBN 237774)
   *jrodine@seyfarth.com*
4  2029 Century Park East, Suite 3500
   Los Angeles, California 90067-3021
5  Telephone:  (310) 277-7200
   Facsimile:   (310) 201-5219
6

7
8  SEYFARTH SHAW LLP
   Rocio Herrera (SBN 237139)
9  *rherrera@seyfarth.com*
   333 South Hope Street, Suite 3900
10 Los Angeles, California 90071
   Telephone:  (213) 270-9600
11 Facsimile:  (213) 270-9601

12 Attorneys for Defendants
13 WIPRO, LTD and WIPRO, LLC (erroneously sued as WIPRO INC.)

14              **UNITED STATES DISTRICT COURT**

15             **CENTRAL DISTRICT OF CALIFORNIA**

16

17 SURI PAYALA, an individual; on behalf     Case No. _____
   of themselves and all other similarly
18 situated                                         [Los Angeles Superior Court
                                                      Case No. BC 577184]
19
20              Plaintiff,                    **NOTICE BY DEFENDANTS WIPRO,
                                              LTD AND WIPRO, LLC'S OF
21      v.                                    REMOVAL OF CIVIL ACTION TO
   WIPRO TECHNOLOGIES, INC.;                 UNITED STATES DISTRICT COURT
22 WIPRO, LTD; and WIPRO INC.; and           PURSUANT TO CLASS ACTION
   DOES 1 through 50, inclusive,             FAIRNESS ACT**

23              Defendants.                   [*Filed concurrently with Declarations of
24                                            Raghunath Rajan, Margaret Weiss, and
                                              Rocio Herrera (and Exhibits Thereto); Civil
25                                            Cover Sheet, Notice of Interested Parties,
                                              and Disclosure Statement*]
26
                                             Complaint Filed:        March 30, 2015
27                                           Complaint Served:       April 28, 2015
28

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, WIPRO, LTD and WIPRO, LLC (erroneously sued as WIPRO INC.) (collectively "Defendants"), remove the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, asserting (1) original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2) (the Class Action Fairness Act of 2005 ("CAFA")) and (2) removal jurisdiction under 28 U.S.C. §§ 1441(a) and 1446. Removal is proper for the following reasons:

## I.    BACKGROUND

1.    The plaintiff, Suri Payala, sued Wipro Technologies, Inc., Wipro, LTD, and Wipro, LLC (erroneously sued as Wipro Inc.) and Does 1 through 50 on March 30, 2015, in the Superior Court of the State of California for the County of Los Angeles, Case No. BC577184 (the "Complaint"). Wipro Technologies, Inc. has not been an active corporation since 2003.

2.    The Complaint is on behalf of Plaintiff and all employees of Defendants who provided computer support, trouble shooting, testing related to repairs and trouble-shooting and technical services in California who received compensation of less than $7,000 per month. (Compl. ¶ 7.)

3.    Plaintiff asserts class-wide claims for (1) Misclassification of Employees; (2) Failure to Pay Overtime Wages; (3) Failure to Pay All Wages Owed Every Pay Period; (4) Failure to Furnish Timely and Accurate Wage Statement; (5) Violation of California's Unfair Competition Act, Bus. & Prof. Code § 17200 *et seq.*; and (6) Failure to Pay All Wages Upon Separation. He also alleges that he and the putative class were not paid for meal and rest breaks. (Compl. ¶ 18.)

4.    On April 28, 2015, Plaintiff effected service by serving Wipro, LTD's agent for service, CT Corporation. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, and Statement of Location, Notice

1

of Case Assignment, information regarding Voluntary Efficient Litigation Stipulations, which were served on April 28, 2015, are collectively attached as **Exhibit 1**.

5.     On May 27, 2015, Defendants filed their Answers to Plaintiff's unverified Complaint in the Superior Court of the State of California, County of Los Angeles. A true and correct copy of Defendants Wipro, LTD and Wipro, LLC's Answer is attached as **Exhibit 2**.

## II.     TIMELINESS OF REMOVAL

6.     This notice of removal is timely as it is filed within 30 days of the first receipt of a copy of the summons and complaint in this action. 28 U.S.C. § 1446(b).

## III.     CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

7.     This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. section 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28 U.S.C. section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. 28 U.S.C. § 332(d)(5)(B); (Compl. ¶ 26.)

## IV.     DIVERSE CITIZENSHIP OF THE PARTIES

8.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). In the instant case, Plaintiff is a citizen of a country that is different from the state of citizenship of Defendant Wipro, LLC.

### A.     Plaintiff is a citizen of the Republic of India

9.     Plaintiff is and, at all times since the commencement of this action has been, a citizen of the Republic of India. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088,

1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff is currently employed by Defendant Wipro, LTD. Wipro, LTD's review of Plaintiff's personnel file reveals that Plaintiff is a citizen of India who was domiciled in California for six months in 2014. Plaintiff currently resides, and works for Wipro, LTD, in the Republic of India. (Declaration of Raghunath Rajan ("Rajan Dec.")  ¶ 4.). Furthermore, the Complaint alleges that Plaintiff worked for Defendants in California for six months in 2014, but is a citizen of India. (Complaint ¶ 6 ["For the first six months of 2014, Plaintiff was employed by WIPRO as a computer technician with the title of architect, who was outsourced to DIRECTV in California"]; Complaint ¶ 9 ["Plaintiff Suri Payala was, at all relevant times, a citizen of India…"]). Plaintiff, therefore, is, and at all times since the commencement of this action has been, a citizen of the Republic of India.

**B.    Defendant Wipro, LLC is a citizen of Delaware and New Jersey**

10.    Wipro, LLC is now, and at all times since this action commenced has been a limited liability company. Wipro, LLC is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1).

11.    For diversity purposes, "[a] limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)). Defendant is now, and ever since this action commenced, has been incorporated under the laws of the State of Delaware, with its principal place of business in East Brunswick, New Jersey. (Declaration of Margaret Weiss ("Weiss Dec.") ¶ 4.)

12.    The appropriate test to determine a corporate entity's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181,

1192 (2010), held that a corporate entity's "principal place of business" for determining

its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the
> place where a corporation's officers direct, control, and coordinate the
> corporation's activities. It is the place that Courts of Appeals have called the
> corporation's "nerve center." **And in practice it should normally be the**
> **place where the corporation maintains its headquarters -- provided that**
> **the headquarters is the actual center of direction, control, and**
> **coordination,** *i.e.*, **the "nerve center"** ....

*Id.* at 1192 (emphasis added).

13.    Under the "nerve center" test, the principal place of business is the state where the corporate officers "direct, control, and coordinate the corporation's activities" and where the corporate entity maintains its headquarters. *Id.* As New Jersey is the site of Defendant's corporate headquarters and executive offices, and where Defendant's high level officers and directors are located, Defendant's "nerve center" is in New Jersey. (Weiss Dec. ¶ 4.) Accordingly, Defendant is, and has been at all times since this action commenced, a citizen of both Delaware and New Jersey.

14.    In addition, for diversity purposes, the Ninth Circuit has held that "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Wipro, LLC's sole member is Wipro, LTD, which, as described below, is organized under the laws of the Republic fo India and has its principal place of business in New Jersey. No member of Wipro, LLC is a citizen of the state of California. Accordingly, Wipro, LLC is not a citizen of the state of California.

## C.    Defendant Wipro, LTD is a not a citizen of California

15.    For diversity purposes, "[a] limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028

(9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)). As discussed above, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Hertz, Corp..,* 559 U.S. 77. In addition, a corporation that is created under the laws of a foreign state is treated as a citizen of the foreign state, as well as any domestic state in which it is incorporated, and, in which it maintains its principal place of business. *Danjag, S.A. v. Pathe Cmmc'ns Corp.*, 979 F.2d 772, 773-774 (9th Cir. 1992).

16.     Wipro, LTD, and has been at all times since this action commenced, incorporated under the laws of the Republic of India, with its headquarters in Bangalore, India. (Weiss Dec. ¶ 5.)  Wipro, LTD's high-level management team is based in Bangalore, India. (*Id.* ¶ 6) Wipro is also registered to do business in the United States, and maintains its domestic headquarters in East Brunswick, New Jersey. (*Id.*) The majority of Wipro's domestic administrative functions are based in New Jersey, including finance, human resources, operations, legal and training. (*Id.*) Therefore, Wipro, LTD is a citizen of the State of New Jersey, and, the Republic of India, for purposes of diversity jurisdiction.

### D.    Wipro Technologies, Inc.

17.     Wipro Technologies, Inc. ("WTI") has been erroneously sued. WTI has not been in operation since 2003. (Herrera Dec. ¶ 6, Ex. A.)

### E.    Doe Defendants

18.     The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the existence of Doe defendants one through fifty does not deprive this Court of jurisdiction. *Albrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal)..

## V.  AMOUNT IN CONTROVERSY

19.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 40. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case ….. Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

20.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000. The Complaint seeks relief on behalf of "all current and former employees…who provided computer support, trouble shooting, testing related to repairs and trouble-shooting and technical services in California …, who received compensation less than $7,000 per month and who were categorized as exempt employees." (Complaint ¶ 7.)  Plaintiff further alleges that during the class period, there were "over two-hundred (200) current and former aggrieved employees." (Compl. ¶ 26). In 2014, while employed in California, Plaintiff's lowest hourly rate of pay was $34.28. (Rajan Dec. ¶ 7.)

21.     Plaintiff alleges that Defendants had a "policy and practice of mis-categorizing its employees who provide computer support, trouble shooting, testing related to repairs and trouble shooting and technical services as exempt." (Complaint ¶ 19) (emphasis added.) Plaintiff further alleges that he and the other putative class members were not compensated for "overtime and meal/rest breaks during the time period. This was notwithstanding that Plaintiff worked far in excess of 40 hours each week and logged more than 40 hours each week in Wipro's computerized time system." (Compl. ¶ 18.) Specifically, Plaintiff alleges that he and the putative class "consistently worked three to five (5) days per week for nine (9) hours or more." (Compl. ¶35.) Accordingly, Plaintiff claims that as a result of the miscategorization, Plaintiff and the putative class were not paid overtime, were not paid for travel time to job sites, and failed to receive waiting time penalties. (Compl. ¶ 20.)

22.     Plaintiff seeks to recover on behalf of the alleged class unpaid wages and penalties for Defendants' alleged failure to pay overtime wages, failure to provide meal and rest breaks, failure to provide accurate and complete itemized wage statements, and unfair business practices. (Complaint Prayer for Relief.) Plaintiff alleges that Defendants failed to pay him and all members of the putative class "who are no longer employed  by Defendants for their uncompensated hours, uncompensated overtime, and missed, untimely or on-duty meal and rest periods upon their termination or separation from employment." (Compl. ¶ 58.) He further alleges that "Wipro is liable to members of the Class who are no longer employed by Wipro for waiting time penalties amounting to thirty days wages for each such Class member." (Compl. ¶ 58.) Plaintiff also seeks attorneys' fees on all causes of action. (Compl. Prayer for Relief.)

23.     As set forth below, the amount in controversy implicated by the class-wide allegations exceeds $5,000,000. All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established. When the amount in controversy is not apparent from the face of the Complaint, a defendant may state underlying facts

7

1   supporting its assertion that the amount in controversy exceeds the jurisdictional

2   threshold. *Abrego v. The Dow Chemical Corp.*, 443 F.3d 676, 682-83 (9th Circuit 2006).

3        24.    **Labor Code § 226(e).** The Complaint also alleges that Defendant failed to

4   provide the putative class with accurate itemized wage statements, in violation of

5   California Labor Code section 226. (Compl. ¶¶ 37-42.) Pursuant to Section 226(e), an

6   employee suffering an injury as a result of a knowing and intentional failure by an

7   employer to comply with section 226(a) is entitled to a penalty of $50 for the initial pay

8   period in which the violation occurred, and $100 for each violation in a subsequent pay

9   period, not exceeding the aggregate amount of $4,000. The statute of limitations for

10  recovery of penalties under Labor Code section 226 is one year. Cal. Code Civ. Proc. §

11  340(a). Since January 1, 2014, Wipro, LTD pays its California-based employees bi-

12  weekly, and there are 26 pay periods in one year. (Rajan Dec. ¶ 5).

13       25.    Plaintiff alleges that he and the putative class were misclassified as exempt

14  employees and were "not aware that they were owed and not paid compensation for

15  overtime and travel time." Accordingly, Plaintiff claims that he and the putative class

16  never received an accurate wage statement. (Compl. ¶¶ 39-41.)

17       26.    Plaintiff alleges that during the class period there were over 200 putative

18  class members who failed to receive an accurate wage statement during the entire class

19  period because they were misclassified as exempt. Thus, using the lowest number of

20  putative class members as alleged by Plaintiff, the amount in controversy on this claim

21  would equal **$510,000** [200 class members X $50 (initial violation) + 200 class members

22  X $100 (penalty for subsequent pay periods) X 25 (pay periods in one year)].

23       27.    **Unpaid Overtime Compensation.** Plaintiff claims that he and the putative

24  class were misclassified and that during the class period "*consistently worked three to*

25  *five (5) days per week for nine (9) hours or more.*"  (Compl. ¶ 35) (emphasis added.)

26  There were 215 work weeks during the class period  (Rajan Dec. ¶ 5)[1].

27  _____

28  [1] The class period is defined as March 30, 2011, through May 15, 2015.

28.     Taking into account that many putative class members might have worked more than three hours overtime every workweek, and that there are more than 200 class members, Defendants estimate the amount in controversy for this claim based on Plaintiff's lowest estimates of unpaid overtime and class members. Accordingly, if 200 putative class members (Plaintiff alleges there were more) worked only three hours of overtime per workweek (even though many consistently worked five according to Plaintiff), a conservative estimate of unpaid overtime is week an estimate of 15 minutes of unpaid overtime compensation per workweek for only half of the total workweeks worked by the putative class would be **$6,633,180** [200 putative class members X ($34.28 per hour[2] x 1.5) x (3 hours) x (215 work weeks)].

29.     Although Defendant denies Plaintiff's allegations or that he or the putative class are entitled to any relief, based solely on the forgoing calculations for wage statement penalties and overtime wages, the aggregate amount in controversy for the putative class is **$7,143,180.** Accordingly, Plaintiff's claims for failure to pay overtime and wage statements alone exceed the amount in controversy required under CAFA.

30.     Plaintiff, however, also alleges claims for missed meal and rest breaks (Compl. ¶¶ 18, 58), waiting time penalties pursuant to California Labor Code section 203 (Compl. ¶¶ 54-58), and attorney's fees (Compl. Prayer for Relief),[3] and disgorgement and

---

[2] Plaintiff's hourly rate while working in California.

[3] A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (attorneys' fees appropriately included in determining amount in controversy). I n the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-1257 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found

9

1  restitution for unfair competition. (Compl. ¶¶ 48-53, Prayer for Relief.) Defendants do

2  not consider this claim in estimating damages. Nevertheless,  considering all of the

3  claims and associated damages, the amount in controversy far exceeds the $5,000,000

4  threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

5       31.    Because diversity of citizenship exists, and the amount in controversy

6  exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28

7  U.S.C. section 1332(d)(2). This action is therefore a proper one for removal to this Court

8  pursuant to 28 U.S.C. section 1441(a).

9  **VI.   VENUE**

10       32.    Venue lies in the Central District of California pursuant to 28 U.S.C.

11  sections 1441(a), 1446(a), and 84(c). This action originally was brought in the Superior

12  Court of the State of California, County of Los Angeles, which is located within the

13  Central District of California, and within which Plaintiff resides.

14  **VII.  NOTICE OF REMOVAL**

15       33.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this

16  Notice of Removal will be given promptly to Plaintiff and, together with a copy of the

17  Notice of Removal, will be filed with the Clerk in the State-Court Action. This Notice of

18  Removal also will be served on counsel for Plaintiff, and a copy of the Proof of Service

19  will be filed shortly after these papers are filed and served.

20       WHEREFORE, Defendants pray that the above action now pending before the

21  Superior Court of the State of California for the County of Los Angeles be removed to

22  the United States District Court for the Central District of California.

23

24

---

25  that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement
    payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.,* 2010 U.S.

26  Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the
    amount of 30% of the total gross settlement amount to be reasonable); *see also In re*

27  *Quintas Securities Litigation,* 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in
    the class action settlement context the benchmark for setting attorneys' fees is 25 percent

28  of the common fund).

1   DATED: May 29, 2015               SEYFARTH SHAW LLP

2

3                                 By: */s/Rocio Herrera*
                                      Rocio Herrera
                                   Attorneys for Defendants

4                                 WIPRO, LTD and WIPRO, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**

# EXHIBIT 1

CONFORMED COPY

1  Richard L. Kellner, State Bar No. 171416
   rlk@kbklawyers.com
2  **KABATECK BROWN KELLNER LLP**
   644 S. Figueroa Street
3  Los Angeles, California 90017
   Phone: (213) 217-5000
4  Fax:   (213) 217-5010

5  Attorneys for Plaintiff and all others
   similarly situated

6

7

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAR 3 0 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF LOS ANGELES**

10

11  SURI PAYALA, an individual; on behalf of    Case No.   **BC 5 7 7 1 8 4**
    themselves and all others similarly situated,
12                                                **CLASS ACTION COMPLAINT FOR:**
                         Plaintiff,
13                                                (1)  **MISCLASSIFICATION OF**
           v.                                          **EMPLOYEES; VIOLATION OF**
14                                                     **LABOR CODE § 226.8(a)(1);**
    WIPRO TECHNOLOGIES, INC.; WIPRO,            (2)  **FAILURE TO PAY OVERTIME**
15  LTD; and WIPRO INC.; and DOES 1                   **WAGES;**
    through 50, inclusive,                       (3)  **FAILURE TO PAY ALL WAGES**
16                                                     **OWED EVERY PAY PERIOD;**
                         Defendants.             (4)  **FAILURE TO FURNISH TIMELY**
17                                                     **AND ACCURATE WAGE**
                                                       **STATEMENTS;**
18                                               (5)  **VIOLATION OF CALIFORNIA'S**
                                                       **UNFAIR COMPETITION ACT**
19                                                     **("UCL"), Bus. & Prof. Code § 17200**
                                                       **et seq.**
20                                               (6)  **FAILURE TO PAY ALL WAGES**
                                                       **UPON SEPARATION;**
21
                                                      **DEMAND FOR JURY TRIAL**
22

23

24         Plaintiff Suri Payala ("Plaintiff"), by and through his undersigned attorneys, for this

25  Class Action Complaint against Defendants Wipro Technologies, Inc., Wipro, Ltd., Wipro, Inc.,

26  and DOES 1 through 50 (collectively "Defendants" or "WIPRO"), respectfully allege the

27  following:

28

_____

                              **CLASS ACTION COMPLAINT**

## NATURE OF THE ACTION

1.    This is a wage and hour class action brought against defendants Wipro Technologies, Inc., Wipro, Ltd. and Wipro, Inc.

2.    WIPRO is a large multinational corporation that provides computer and telecommunication support to companies located in California and throughout the United States. Essentially, WIPRO employees receive long-term assignments to provide computer and telecommunication support to companies such as DIRECTV, for whom the WIPRO employees will perform the services under the direction or supervision of the contracting company.

3.    WIRPO's business model is extremely profitable, in no small part because it does not pay its employees overtime for work in excess of 40 hours per week, as required by California law.  The total compensation paid to WIPRO is often two times or more times the compensation that WIPRO actually pays to these employees.  Many of the employees are citizens of foreign countries who come to the United States under L-1B visas processed by WIPRO, and are not aware of their rights under California's wage and hour laws.

4.    As more fully descried below, WIPRO intentionally misclassify employees as exempt who provide computer support, trouble shooting, testing related to repairs and trouble-shooting and technical services.  However, under Wage Order 4-2001, such employees are not exempt if they earn less than an annual salary of $84,130 as of January 2014.

5.    With respect to such workers, WIPRO violated California wage and hour laws by failing to pay for overtime in accordance with the California Labor Code § 226.7 and Industrial Wage Order No. 4-2001, § 1(A)(3)(h) ("IWC No. 9"), and failed to pay applicable waiting time penalties.

6.    For the first six months of 2014, Plaintiff was employed by WIPRO as a computer technician with the title Architect, who was outsourced to DIRECTV in California.  Plaintiff was not paid overtime and was not paid for his travel time to the outsourced job site, notwithstanding the fact he was paid a salary that was less than $7,000 per month.  This conduct was in violation of applicable California wage and hour laws..

7.    By this Class Action, Plaintiff seeks to represent the following Class of similarly

<center>2</center>

---

<center>CLASS ACTION COMPLAINT</center>

1   situated individuals:

2   *All current and former employees of Defendant Wipro Technologies,*

3   *Inc., Wipro Ltd. or Wipro, Inc. who provided computer support, trouble*

4   *shooting, testing related to repairs and trouble-shooting and technical*

5   *services in California, at any time beginning four (4) years prior to the*

6   *filing of the Complaint through the date notice is mailed to the Class (the*

7   *"Class period"), who received compensation less than $7,000 per month*

8   *and who were categorized as exempt employees.*

9

10                    **JURISDICTION AND VENUE**

11   8.      This Court has jurisdiction over the entire action by virtue of the fact that this is a

12   civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the

13   jurisdictional minimum of the Court.  The acts and omissions complained of in this action took

14   place in the State of California, and at least one Defendant resides in the state of California.

15   Venue is proper because this is a class action, the acts and/or omissions complained of took

16   place, in whole or in part within the venue of this Court, and/or one or more Plaintiff resides

17   within the venue of this court.

18                         **PARTIES**

19   9.      Plaintiff Suri Payala was, at all relevant times, a citizen of India and, at all

20   relevant times, was a resident of the State of California, County of Los Angeles.  In 2014,

21   Plaintiff was employed by WIPRO and was outsourced to customers of WIPRO in the State of

22   California.

23   10.     Upon information and belief, defendants Wipro Technologies, Inc., Wipro Ltd. or

24   Wipro, Inc. (collectively, "WIPRO") are Delaware corporations that are authorized and do

25   conduct business in the State of California, County of Los Angeles.

26   11.     Plaintiff is currently ignorant of the true names and capacities, whether individual,

27   corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does

28   1 through 50, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiff

3

**CLASS ACTION COMPLAINT**



1  will seek leave to amend this complaint to allege the true names and capacities of said fictitiously

2  named defendants when their true names and capacities have been ascertained.  Plaintiff is

3  informed and believes and thereon alleges that each of the fictitiously named defendants is

4  legally responsible in some manner for the events and occurrences alleged herein, and for the

5  damages suffered by the Class.

6        12.     Plaintiff is informed and believe and thereon allege that all defendants, including

7  the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators,

8  ostensible agents, partners and/or joint venturers and/or employees of all other defendants, and

9  that all acts alleged herein occurred within the course and scope of said agency, employment,

10  partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied

11  permission, knowledge, consent authorization and ratification of their co-defendants; however,

12  each of these allegations are deemed "alternative" theories whenever not doing so would result in

13  a contradiction with other allegations.

14  <div align="center">**FACTS COMMON TO ALL CAUSES OF ACTION**</div>

15        13.     WIPRO is a multinational corporation that provides, among other things,

16  outsourcing of employees to companies located in California and throughout the United States to

17  provide computer support, trouble shooting, testing related to repairs and trouble-shooting and

18  technical services.

19        14.     WIPRO's outsourcing business is extremely profitable.  Upon information and

20  belief, WIPRO often receives more than two times the compensation that WIPRO pays to its

21  employees that are outsourced to its corporate clients.

22        15.     A large portion of WIPRO's profits are ill gotten, since WIPRO fails to pay

23  overtime to its non-exempt employees who provide computer support, trouble shooting, testing

24  related to repairs and trouble-shooting and technical services.

25        16.     Specifically, under IWC Wage Order 4-2001, employees in the computer software

26  field are not deemed exempt if, among other things, (1) the employee is primarily engaged in

27  work that is intellectual or creative and that requires the exercise of discretion and independent

28  judgment; and (2) their compensation is less than an amount set by the California Department of

<div align="center">4</div>

Industrial Relations – which in 2014 was $7,010.88 per month.

17.     At all pertinent times, WIPRO employed Plaintiff as a computer technician with the title "Architect", at a monthly salary for the first six months of 2014 of less than $7,000 per month. During this time period, Plaintiff was outsourced to DIRECTV.

18.     Nonetheless, WIPRO treated Plaintiff as an exempt employee, and did not pay Plaintiff for overtime and meal/rest breaks during this time period. This was notwithstanding the fact that Plaintiff worked far in excess of 40 hours each week and logged more than 40 hours each week in WIPRO's computerized time system.

19.     In fact, WIPRO has a policy and practice of mis-categorizing its employees who provide computer support, trouble shooting, testing related to repairs and trouble-shooting and technical services as exempt for purposes of California's wage and hour laws.

20.     Thus, during the applicable liability period, WIPRO: (a) mis-categorized Plaintiff and Class members as exempt employees even though they received less than the minimum monthly salary determined by the California Department of Industrial Relations for computer software employees under IWC Wage Order 4-2001; (b) failed to pay Plaintiff and the Class members overtime; (c) failed to pay Plaintiff and Class members for their travel time to job sites; and (d) failed to pay Class Members whose employment with WIPRO was terminated with applicable waiting time penalties.

21.     WIPRO's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation.

22.     Plaintiff seeks to be the representatives for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, WIPRO's unlawful employment practices as alleged herein.

CLASS ACTION COMPLAINT

 

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

23.     Plaintiff brings this action on behalf of themselves, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> *All current and former employees of Defendant Wipro Technologies,*
> *Inc., Wipro Ltd. or Wipro, Inc. who provided computer support,*
> *trouble shooting, testing related to repairs and trouble-shooting and*
> *technical services in California, at any time beginning four (4) years*
> *prior to the filing of the Complaint through the date notice is mailed*
> *to the Class (the "Class period"), who received compensation less*
> *than $7,000 per month and who were categorized as exempt*
> *employees.*

24.     Plaintiff reserve the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by WIPRO or otherwise.

25.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of Code of Civil Procedure § 382 (hereinafter "§ 382") and other applicable law.

26.     **Numerosity of the Class:**  Pursuant to § 382,  members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff estimate, on information and belief, that there are over two-hundred (200) current and former aggrieved employees of WIPRO who provided computer support, trouble shooting, testing related to repairs and trouble-shooting and technical services in California.  The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

27.     **Existence of Predominance of Common Questions of Fact and Law:**  Pursuant to § 382, common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

6

a.  Whether WIPRO had a pattern and practice of misclassifying employees who provided who provided computer support, trouble shooting, testing related to repairs and trouble-shooting and technical services in California as exempt, in violation of IWC Wage Order 4-2001.

b.  Whether WIPRO failed to pay Plaintiff and each member of the Class overtime or for travel time, while they received monthly compensation of less than $7,000 per month;

c.  Whether WIPRO engaged in unfair practice and violated California Business and Professions Code § 17200 by failing to provide Plaintiff and the members of the Class with overtime and travel time, while they received less than $7,000 per month in compensation;

d.  Whether WIPRO maintained accurate time records for Plaintiff and members of the Class;

e.  Whether WIPRO violated Labor Code § 226 by issuing inaccurate itemized wage statements to Plaintiff and members of the Class that failed to accurately state the total hours worked, to the detriment of Plaintiff and the Class;

f.  The nature and extent of class-wide injury and the measure of damages for the injury.

28.  **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, they were employees of WIPRO who provided computer support, trouble shooting, testing related to repairs and trouble-shooting and technical services in California during the liability period.  Plaintiff and the members of the Class sustained the same types of damages and losses.

29.  **Adequacy:** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the members of the Class Plaintiff seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intend to prosecute this action vigorously.  The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

7

**CLASS ACTION COMPLAINT**

30. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by WIPRO's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

31. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for WIPRO;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. WIPRO has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY ALL OVERTIME AND DOUBLE TIME WAGES
### (Violation of Labor Code §§ 510 and 1194; Wage Order No. 4-2001)

32. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

33. Section 510 of the Labor Code provides that, "Any work in excess of eight hours

8

in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee....."

34.. Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any work in excess of twelve (12) hours in one day.

35. At all times relevant hereto, Plaintiff and members of the Class were non-exempt for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage Order No. 4-2001. In addition, during the Class period, Plaintiff and other members of the Class consistently worked three to five (5) days per week for nine (9) hours or more.

36. Plaintiff seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
#### (Violation of Labor Code §§ 226 and 226.3)

37. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

38. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee..., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

9

1 | which the employee is paid, (7) the name of the employee and his or her social security number,

2 | except that by January 1, 2008, only the last four digits of his or her social security number or

3 | an employee identification number other than a social security number may be shown on the

4 | itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all

5 | applicable hourly rates in effect during the pay period and the corresponding number of hours

6 | worked at each hourly rate by the employee."

7       39.     Labor Code § 226(e) provides that an employee is entitled to recover $50 for the

8 | initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period,

9 | as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the

10 | employer knowingly and intentionally failed to provide accurate itemized statements to the

11 | employee causing the employee to suffer injury.

12       40.     Plaintiff is informed, believe and thereon alleges that at all times relevant WIPRO

13 | knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail

14 | to furnish Plaintiff and each Class member with timely and accurate itemized statements

15 | showing the gross wages earned by each of them, as required by Labor Code § 226 in that the

16 | payments owed to Plaintiff for unpaid overtime and travel time to the job sites were not

17 | included in gross wages earned by Plaintiff and the Class.

18       41.     WIPRO's failure to provide Plaintiff and members of the Class with accurate

19 | itemized wage statements during the Class period has caused Plaintiff and members of the Class

20 | to incur economic damages in that they were not aware that they were owed and not paid

21 | compensation for overtime and travel time. In addition, as set forth in Plaintiff's second cause

22 | of action, WIPRO provided inaccurate information regarding hours worked, which masked their

23 | underpayment of wages to Plaintiff and the Class.

24       42.     As a result of WIRPO's issuance of inaccurate itemized wage statements to

25 | Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the

26 | members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor

27 | Code.

28

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD**
**(Violation of Labor Code § 204)**

43.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

44.     California Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

45.     At all times relevant during the liability period, WIPRO failed to pay Plaintiff and the Class the full amount of all owed wages when due as required by California Labor Code § 204.

46.     WIPRO failed to pay Plaintiff and other similarly situated employees all wages earned each pay period.  Plaintiff is informed, believes and thereon alleges, that at all times relevant during the liability period, WIPRO maintained a policy or practice of not paying (i) overtime wages for all overtime hours worked; and (ii) travel time to outsourced job sites.

47.     As a result of WIPRO's unlawful conduct, Plaintiff and members of the each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Plaintiff but can be determined directly from WIPRO's records or indirectly based on information from WIPRO's records.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**

48.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

49.     Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

50.     Through its action alleged herein, WIPRO has engaged in unfair competition within the meaning of the UCL.  WIPRO's conduct, as alleged herein, constitutes unlawful,

11

**CLASS ACTION COMPLAINT**

1   unfair, and/or fraudulent business practices under the UCL.

2        51.    WIPRO's unlawful conduct under the UCL includes, but is not limited to,

3   violating the statutes alleged herein.  WIPRO's unfair conduct under the UCL includes, but is not

4   limited to, failure to pay Class members wages and compensation they earned through labor

5   provided, and failing to otherwise compensate Class members, as alleged herein.  WIPRO's

6   fraudulent conduct includes, but is not limited to, issuing wage statements containing false

7   and/or misleading information about the time the Class members worked and the amount of

8   wages or compensation due.

9        52.    Plaintiff have standing to assert this claim because he has suffered injury in fact

10  and has lost money as a result of WIPRO's conduct.

11       53.    Plaintiff and the Class seek restitutionary disgorgement from WIPRO, and an

12  injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct

13  alleged herein.

<div align="center">

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE AT SEPARATION**
**(Violation of Labor Code § 203)**

</div>

16       54.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

17  herein.

18       55.    California Labor Code §§ 201 and 202  requires WIPRO to pay all compensation

19  due and owing to former drivers and crewmembers at or around the time employment is

20  terminated.  Section 203 of the California Labor Code provides that if an employer willfully

21  fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and

22  202, then the employer is liable for penalties in the form of continued compensation up to thirty

23  (30) work days.

24       56.    At all times relevant during the liability period, Plaintiff and the other members of

25  the Class were employees of WIPRO covered by Labor Code § 203.

26       57.    Plaintiff and the Class were not paid for their work performed in excess of eight

27  (8) hours per day, nor were they paid for their travel time to outsourced work sites.

28       .58.    WIPRO willfully failed to pay members of the Class who are no longer employed

<div align="center">

12

**CLASS ACTION COMPLAINT**

</div>

by WIPRO for their uncompensated hours, uncompensated overtime, and missed, untimely or on-duty meal and rest periods upon their termination or separation from employment with WIPRO as required by Labor Code §§ 201 and 202.  As a result, WIPRO is liable to members of the Class who are no longer employed by WIPRO for waiting time penalties amounting to thirty days wages for each such Class member pursuant to Labor Code § 203.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, prays for judgment against WIPRO as follows:

A.  An order that this action may proceed and be maintained as a class action;

B.  For all unpaid overtime and other wages due to Plaintiff and each Class member;

C.  For continuation wages under Labor Code § 203;

D.  For statutory penalties under Labor Code § 226(e);

E.  An order requiring WIPRO to comply with Labor Code § 226(a) with respect to all currently employed members of the Class;

F.  For restitutionary disgorgement pursuant to the UCL;

G.  An order enjoining WIPRO from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.*;

H.  Prejudgment interest at the maximum legal rate;

I.  Reasonable attorneys' fees;

J.  Accounting of WIPRO's records for the liability period;

K.  General, special and consequential damages, to the extent allowed by law;

L.  Costs of suit; and

M.  Such other relief as the Court may deem just and proper.

DATED:  March 30, 2015          **KABATECK BROWN KELLNER LLP**

By: _____

Richard L. Kellner
Attorneys for Plaintiff and others
Similarly situated

13

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury for themselves and the Class members on all claims so triable.

DATED:  March 30, 2015             **KABATECK BROWN KELLNER LLP**

By:                                                 

Richard L. Kellner

Attorney for Plaintiff and others
Similarly situated

**CLASS ACTION COMPLAINT**

# EXHIBIT 2

 CT Corporation

**Service of Process Transmittal**
04/28/2015
CT Log Number 527029006

**TO:**   Margaret Weiss
Wipro Limited
2 Tower Center Blvd Ste 2200
East Brunswick, NJ 08816-1100

**RE:**   **Process Served in Delaware**

**FOR:**  Wipro Limited (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Suri Payala, etc., Pltf. vs. Wipro Technologies, Inc., et al. including Wipro, Ltd., Dfts. |
| | *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Addendum and Statement, Class Action Complaint, Demand, Notice, Attachment, Stipulations, Request, Declaration |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA |
| | Case # BC577184 |
| **NATURE OF ACTION:** | Employee Litigation - Violation of Labor Code - Failure to Pay Wages |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/28/2015 postmarked on 04/21/2015 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | 30 days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Richard L. Kellner |
| | Kabateck Brown Kellner LLP |
| | 644 S. Figueroa Street |
| | Los Angeles, CA 90017 |
| | 213-217-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/29/2015, Expected Purge Date: 05/04/2015 |
| | Image SOP |
| | Email Notification, Margaret Weiss margaret.weiss@wipro.com |
| | Email Notification, Keri Halperin keri.halperin@wipro.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 Orange Street |
| | Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / CL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**CONFORMED COPY**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

MAR 3 0 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WIPRO TECHNOLOGIES, INC.; WIPRO LTD; and WIPRO INC.; and
DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SURI PAYALA, an individual; on behalf of themselves and all others
similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):* **BC 5 77 1 8 4** |

111 North Hill Street
Los Angeles, CA 90017

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard L. Kellner, 644 S. Figueroa Street, Los Angeles, CA 90017

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | Juai Lara | , Deputy<br>*(Adjunto)* |
|---|---|---|---|
| SHERRI R. CARTER | | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 3 0 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  Wipro Limited

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☒ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CONFORMED COPY

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*<br>Richard L. Kellner, SBN 171416<br>KABATECK BROWN KELLNER LLP<br>644 S. Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213 217-5000  FAX NO.: 213 217-5017<br>ATTORNEY FOR *(Name):* Plaintiffs | **FOR COURT USE ONLY**<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County Of Los Angeles<br><br>MAR 3 0 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Payala, et al. vs. Wipro Technologies, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 5 77 1 84 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 30, 2015

Richard L. Kellner
_____(TYPE OR PRINT NAME)_____    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |


 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**CONFORMED COPY**

 

| SHORT TITLE: Payala, et al. vs. Wipro Technologies, Inc., et al. | CASE NUMBER BC 5 77 1 8 4 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Payala, et al. vs. Wipro Technologies, Inc., et al. | CASE NUMBER |
|---|---|

| | **A.** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ | A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ | A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ | A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ | A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ | A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ | A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ | A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ | A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ | A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ | A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ | A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ | A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ | A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ | A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ | A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ | A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ | A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ | A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ | A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ | A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ | A7300 Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ | A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ | A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ | A6032 Quiet Title | 2., 6. |
| | | ☐ | A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ | A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ | A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ | A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ | A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Payala, et al. vs. Wipro Technologies, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Payala, et al. vs. Wipro Technologies, Inc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>20810 Anza Ave |
|---|---|

| CITY:<br>Torrance | STATE:<br>CA | ZIP CODE:<br>90503 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 30, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

**BC 5 77 1 8 4**

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on MAR 3 0 2015          SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                                           By _____, Deputy Clerk
For Optical Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):  FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____ )
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____ )
Date:

_____        ➤ _____
         (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|
| | | | |

**TELEPHONE NO.:**  **FAX NO. (Optional):**
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    - ☐   Request for Informal Discovery Conference
    - ☐   Answer to Request for Informal Discovery Conference
2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____     >     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____     >     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____     >     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____     >     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____     >     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     >     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     >     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                            JUDICIAL OFFICER

**CONFORMED COPY**

1   Richard L. Kellner, State Bar No. 171416
    rlk@kbklawyers.com
2   **KABATECK BROWN KELLNER LLP**
    644 S. Figueroa Street
3   Los Angeles, California 90017
    Phone: (213) 217-5000
4   Fax:   (213) 217-5010

5   Attorneys for Plaintiff and all others
    similarly situated

6

7

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**APR 1 4 2015**

Sherri R. Carter, Executive Officer/Clerk
By: Robin Sanchez, Deputy

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF LOS ANGELES**

10   SURI PAYALA, an individual; on behalf of      Case No.: BC 577184
     themselves and all others similarly situated,
11
                                                    1)   **REQUEST FOR PREEMPTORY**
12              Plaintiff,                               **DISQUALIFICATION BY**
                                                         **PLAINTIFFS;**
13        v.
                                                    2)   **DECLARATION OF RICHARD L.**
14   WIPRO TECHNOLOGIES, INC.; WIPRO,                    **KELLNER IN SUPPORT**
     LTD; and WIPRO INC.; and DOES 1                     **THEREOF;**
15   through 50, inclusive,
                                                    [Code of Civil Procedure §170.6]
16              Defendants.

17

18

19        TO ALL PARTIES HEREIN, TO THE HONORABLE WILLIAM F. HIGHBERGER,

20   AND TO THE PRESIDING JUDGE OF THE ABOVE-ENTITLED COURT.

21        The attorneys for Plaintiffs hereby request that the above entitled matter, which involves

22   contested issues of fact or law, and which was assigned to Judge William F. Highberger for all

23   purposes on March 30, 2015,  be reassigned from that judge, and that no matters hereinafter

24   arising in this matter be heard or assigned to Judge William F. Highberger, on the ground that

25   said judge is prejudiced against Plaintiffs, the attorney for Plaintiffs, and the interests of

26   Plaintiffs.

27

28

<hr>

**REQUEST FOR PREEMPTORY DISQUALIFICATION BY PLAINTIFFS**

1    This Motion is based on the matters contained herein, *California Code of Civil Procedure*

2 section 170.6, the records and files in this action, and on the supporting Declaration of Richard

3 L. Kellner attached hereto.

4    WHEREFORE, Plaintiffs prays that the relief herein requested be granted.

5

6 DATED:  April 13, 2015                 **KABATECK BROWN KELLNER LLP**

7

8                          By:  _____

9                               Richard L. Kellner
                               Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR PREEMPTORY DISQUALIFICATION BY PLAINTIFFS**

## DECLARATION OF RICHARD L. KELLNER

I, RICHARD L. KELLNER, declare that:

1.     I am a founding partner of Kabateck Brown Kellner LLP, counsel of record for the Plaintiff herein.  I am duly sworn to practice before all the courts of the State of California.  I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2.  The Honorable William F. Highberger, the judge before whom the above-entitled action has been assigned, is prejudiced against myself, plaintiff, and the interests of plaintiff, and I believe that plaintiff cannot have a fair and impartial trial or hearing before Judge William F. Highberger.

3.  Plaintiff hereby requests under California Code of Civil Procedure section 170.6, that this matter be reassigned from Judge William F. Highberger and that no matters hereinafter arising in this matter be heard or assigned to that judge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 13, 2015, at Los Angeles, California.

_____
Richard L. Kellner

**REQUEST FOR PREEMPTORY DISQUALIFICATION BY PLAINTIFFS**

# EXHIBIT 3

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2015

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy

1  SEYFARTH SHAW LLP
   Jon D. Meer (SBN 144389)
2  *jmeer@seyfarth.com*
   Joshua A. Rodine (SBN 237774)
3  *jrodine@seyfarth.com*
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
5  Facsimile:    (310) 201-5219

6

7  SEYFARTH SHAW LLP
   Rocio Herrera (SBN 237139)
   *rherrera@seyfarth.com*
8  333 South Hope Street, Suite 3900
   Los Angeles, California 90071
9  Telephone:  (213) 270-9600
   Facsimile:  (213) 270-9601

10

11 Attorneys for Defendants
   WIPRO, LLC (erroneously sued as WIPRO INC.)
   and WIPRO, LTD

12

       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13             **FOR THE COUNTY OF LOS ANGELES - CENTRAL**

14

15 SURI PAYALA, an individual; on behalf of    )  Case No. BC 577184
   themselves and all other similarly situated )
16                                              )      Hon.  William F. Highberger; Dept 322
                                                )
17              Plaintiff,                       )  **DEFENDANTS WIPRO, LLC AND WIPRO,**
                                                )  **LTD'S ANSWER TO CLASS ACTION**
18         v.                                    )  **COMPLAINT**
                                                )
19 WIPRO TECHNOLOGIES, INC.; WIPRO,            )
   LTD; and WIPRO INC. a corporation; and      )
20 DOES 1 through 50, inclusive,                )  Complaint Filed:  March 30, 2015
                                                )  Complaint Served: April 28, 2015
21              Defendants.                      )
                                                )
22                                              )

23         Defendants Wipro, LTD, and Wipro, LLC (erroneously sued as Wipro, Inc.) (collectively

24 "Defendants") hereby respond to the unverified Class Action Complaint filed by Suri Payala, on behalf

25 of himself and all others similarly situated ("Plaintiff") as follows:

26

27

28

                                                 1
─────────────────────────────────────────────────────────────
                     DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

## GENERAL DENIAL

Under California Code of Civil Procedure section 431.30, Defendants generally deny each and every allegation and cause of action contained in Plaintiff's Complaint. In further answer to the Complaint and without limiting the generality of the foregoing, Defendants deny that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendants.

## SEPARATE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege as follows, without thereby assuming the burden of proof on any defense on which they would not otherwise have the burden of proof by operation of law.

## FIRST ADDITIONAL DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND ADDITIONAL DEFENSE

### (Wipro, LLC Not An Employer)

2.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Wipro, LLC because it did not employ Plaintiff.

## THIRD ADDITIONAL DEFENSE

### (Statutes of Limitation)

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 337, 338(a), 340, and 343, and Business and Professions Code section 17208.

## FOURTH ADDITIONAL DEFENSE

### (Laches)

4.      Plaintiff delayed inexcusably and unreasonably in filing this action, causing substantial prejudice to Defendants and, thus, his claims are barred by the equitable doctrine of laches.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

## FIFTH ADDITIONAL DEFENSE

### (Estoppel)

5.    Defendants are informed and believes and thereupon alleges that Plaintiff and putative class he seeks to represent engaged in conduct by which the Complaint is barred by the equitable doctrine of estoppel.

## SIXTH ADDITIONAL DEFENSE

### (Waiver)

6.    Defendants are informed and believes and thereupon alleges that Plaintiff and the putative class he seeks to represent engaged in conduct by which the Complaint is barred by the doctrine of waiver.

## SEVENTH ADDITIONAL DEFENSE

### (Exempt Employee Status)

7.    Plaintiff, and each member of the alleged putative class, were and are exempt employees pursuant to California Labor Code Section 515 and the implementing rules and regulations of the California Industrial Welfare Commission Occupational Wage Orders, as well as applicable case authority.

## EIGHTH ADDITIONAL DEFENSE

### (Executive Exemption)

8.    The claims of Plaintiff and/or the class members are barred in whole or in part to the extent that they were exempt from the overtime requirements of the California Labor Code and the Industrial Welfare Commission Wage Orders pursuant to the Executive exemptions of the California Labor Code and Wage Orders.

## NINTH ADDITIONAL DEFENSE

### (Administrative Exemption)

9.    The claims of Plaintiff and/or the class members are barred in whole or in part to the extent that they were exempt from the overtime requirements of the California Labor Code and the Industrial Welfare Commission Wage Orders pursuant to the Administrative exemption of the California Labor Code and Wage Orders.

19710293v.3

## TENTH ADDITIONAL DEFENSE

### (Computer/Software Exemption)

10.   The claims of Plaintiff is barred in whole or in part to the extent that Plaintiff was exempt from the overtime requirements of the California Labor Code and the Industrial Welfare Commission Wage Orders pursuant to the Computer/Software exemptions of the California Labor Code and Wage Orders.

## ELEVENTH ADDITIONAL DEFENSE

### (Failure to Exhaust Administrative Remedies)

11.   Plaintiff's claims, in whole or in part, are barred because he failed to exhaust his administrative remedies or to comply with statutory prerequisites for bringing suit.

## TWELFTH ADDITIONAL DEFENSE

### (Avoidable Consequences)

12.   The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff and the purported putative class he seeks to represent failed to take advantage of any preventative or corrective opportunities provided by Defendants.

## THIRTEENTH ADDITIONAL DEFENSE

### (Unclean Hands)

13.   Defendants are informed and believe and thereupon alleges that Plaintiff and the putative class he seeks to represent engaged in conduct by which the Complaint is barred by the doctrine of unclean hands.

## FOURTEENTH ADDITIONAL DEFENSE

### (Failure To Comply With Employer's Directions)

14.   Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to substantially comply with all of the directions of his employer concerning the service on which he was engaged and Plaintiff's obedience to the directions of the employer were neither impossible or unlawful, nor would impose new and unrealistic burdens upon him, pursuant to California Labor Code Section 2856.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

### FIFTEENTH ADDITIONAL DEFENSE

#### (Good Faith)

15.     Plaintiff and the purported putative class he seeks to represent are not entitled to any penalty awarded under the California Labor Code because, at all times relevant and material herein, Defendants did not willfully fail to comply with any provision of the Code, but rather acted in good faith and had reasonable grounds for believing it did not violate the Code.

### SIXTEENTH ADDITIONAL DEFENSE

#### (Penalties Unconstitutionally Excessive)

16.     The penalties claimed in the Complaint, as applied to Plaintiff and the purported putative class he seeks to represent, are excessive and therefore violate Defendants' rights under the State and Federal Constitutions.

### SEVENTEENTH ADDITIONAL DEFENSE

#### (Failure To Inform Employer Of Alleged Violations)

17.     Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendants of any alleged failure to pay wages or premium wages, or any alleged inaccuracies regarding his pay stubs, prior to filing a lawsuit.  Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his claims.

### EIGHTEENTH ADDITIONAL DEFENSE

#### (Release)

18.     To the extent Plaintiff and/or putative members of the purported class have executed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

### NINETEENTH ADDITIONAL DEFENSE

#### (Offset)

19.     To the extent that Plaintiff and the purported putative class he seeks to represent are entitled to restitution, damages, or penalties, Defendants are entitled to an offset for any overpayments of wages or other consideration previously provided to those parties.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

## TWENTIETH ADDITIONAL DEFENSE

### (Failure To Use Ordinary Care)

20.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff received good consideration in agreement to serve as an employee of Defendants, yet failed to use ordinary care and diligence during their employment, or employment-related duties, pursuant to California Labor Code Section 2854.

## TWENTY-FIRST ADDITIONAL DEFENSE

### (Failure To Conform To Usage Of Place Of Performance)

21.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to perform services in conformity to the usage of the place of performance and was not otherwise directed by the employer, and such performance were neither impracticable, nor manifestly injurious to Plaintiff, pursuant to California Labor Code Section 2857.

## TWENTY-SECOND ADDITIONAL DEFENSE

### (Degree Of Skill)

22.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to exercise a reasonable degree of skill in performing his job duties, pursuant to California Labor Code Section 2858.

## TWENTY-THIRD ADDITIONAL DEFENSE

### (Failure To Use Skill Possessed)

23.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff did not use such skill as he possessed, so far as the same are required, for the service specified by Defendants, as provided under California Labor Code Section 2859.

## TWENTY-FOURTH ADDITIONAL DEFENSE

### (No Equitable Tolling)

24.    Plaintiff's Complaint, and each purported cause of action alleged therein, is not entitled to equitable tolling because the allegations in the Complaint do not meet the requisite standard.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

### TWENTY-FIFTH ADDITIONAL DEFENSE

(Failure To Show Lack Of Payment Of Wages Upon Involuntary Discharge Or Layoff)

25.     Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff has failed to allege that he did not receive all accrued wages at the time of discharge pursuant to California Labor Code Section 201.  Defendants asserts this affirmative defense both as to Plaintiff's individual claims and as to any alleged class-wide claims.

### TWENTY-SIXTH ADDITIONAL DEFENSE

(Failure To Show Entitlement To Waiting Time Penalties)

26.     Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff has failed to show that Defendants willfully, knowingly or intentionally did not pay all accrued wages, overtime wages or premium wages within the time required following any discharge or voluntary resignation of employment by Plaintiff.  Plaintiff, therefore, cannot pursue claims for "waiting time" penalties under California Labor Code Section 203.  Defendants asserts this affirmative defense both as to Plaintiff's individual claims and as to any alleged class-wide claims.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

(Good Faith Dispute Regarding Whether Wages Were Owed At The Time Of Termination)

27.     The Complaint, and each cause of action contained therein, is barred to the extent that there is a good-faith dispute as to whether any wages or premiums were due at the time of Plaintiff and putative class members' termination of employment.  To the extent that Plaintiff and putative class members are subsequently able to allege that their employment has been terminated, either by involuntary discharge or voluntary resignation, Defendants believe in good faith that all wages and premiums have been, or will have been, paid to Plaintiff and putative class members.  Therefore, a good-faith dispute exists or will exist.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

(Good Faith Dispute And Waiting Time Penalties)

28.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a claim for waiting time penalties because there was a good faith dispute as to whether such penalties were due and some members of the purported class did not resign or were not discharged prior to the

19710293v.3

1  filing of this action and/or to the extent that no such penalties can continue after the commencement of

2  an action for the penalties.

### TWENTY-NINTH ADDITIONAL DEFENSE

(Contribution By Plaintiff's Own Acts)

5     29.    If the injuries and/or alleged damages in the Complaint occurred at all (which Defendants

6  deny), such injuries and/or alleged damages were proximately caused by and/or contributed to by

7  Plaintiff's own acts, omissions, and/or failures to act.

### THIRTIETH ADDITIONAL DEFENSE

(Avoidable Consequences Doctrine)

10    30.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

11  avoidable consequences doctrine.

### THIRTY-FIRST ADDITIONAL DEFENSE

(No Overtime Worked)

14    31.    Even if Plaintiff and any purportedly similarly situated current or former employees were

15  non-exempt employees of Defendants (which Defendants deny), they were not entitled to overtime

16  compensation because they never worked more than 8 hours in a day, or over 40 hours in a week, or any

17  other work schedule that required overtime pay.

### THIRTY-SECOND ADDITIONAL DEFENSE

(No Unlawful, Unfair Or Fraudulent Business Practice)

20    32.    Without admitting the allegations of the Complaint, Defendants allege that Plaintiff's

21  Complaint, and each purported cause of action alleged therein, fails because the alleged practices of

22  Defendants are not unfair, unlawful or fraudulent, the public is not likely to be deceived by any alleged

23  practices, Defendants gained no competitive advantage by such practices, and the benefits of the alleged

24  practices outweigh any harm or other impact they may cause.

### THIRTY-THIRD ADDITIONAL DEFENSE

(Action Unconstitutional)

27    33.    Prosecuting a class action and certification of the alleged class as representative of the

28  general public under California Business and Professions Code Section 17200 are barred, under the facts

8

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

1  and circumstances of this case, because provisions of Section 17200 violate the provisions of the United

2  States and California Constitutions, including but not limited to, the due process clauses of the Fifth and

3  Fourteenth Amendments to the United States Constitution.

### THIRTY-FOURTH ADDITIONAL DEFENSE

(Lack Of Standing)

6      34.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred for

7  lack of subject matter jurisdiction to the extent Plaintiff and putative members of the purported class

8  lack standing to bring their claims in an individual, class or representative capacity.

### THIRTY-FIFTH ADDITIONAL DEFENSE

(Lack Of Standing Under Proposition 64)

11      35.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

12  extent that Plaintiff, or any person upon whose behalf Plaintiff purport to act, lacks the requisite standing

13  to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code

14  Section 17204.  Under Proposition 64, any plaintiffs suing for an alleged violation of the California

15  Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*,

16  must show that they or they have suffered an injury in fact, in addition to simply alleging a loss of

17  money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot

18  allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks

19  standing to sue under the UCL.

### THIRTY-SIXTH ADDITIONAL DEFENSE

(Ratification)

22      36.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred on the

23  ground that Plaintiffs ratified Defendants' alleged actions.

### THIRTY-SEVENTH ADDITIONAL DEFENSE

(Consent/Authorization)

26      37.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in

27  whole or in part, because the alleged conduct of Defendants complained of in the Complaint were

28

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

1    approved, consented to, and/or authorized by Plaintiff through his actions, omissions, and course of

2    conduct.

### THIRTY-EIGHTH ADDITIONAL DEFENSE

(Failure To State Facts Warranting Class Certification And
Class Damages Or Any Other Representative Action)

6        38.    Plaintiff's allegations that this action should be certified as a class action fails as a matter

7    of law because Plaintiffs cannot allege facts sufficient to warrant class certification and/or an award of

8    class damages, pursuant to California Code of Civil Procedure Section 382.

### THIRTY-NINTH ADDITIONAL DEFENSE

(Failure To State Facts Warranting A Predominance Of Common Questions Of Fact And Law)

11       39.    Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that

12   Plaintiff cannot allege predominant questions of fact and law, as required under California Code of Civil

13   Procedure Section 382.

### FORTIETH ADDITIONAL DEFENSE

(Failure To Show Adequate Damages)

16       40.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

17   extent that Plaintiff cannot show a specific or reliable measure of alleged damages owed to Plaintiff

18   and/or the members of the purported class.

### FORTY-FIRST ADDITIONAL DEFENSE

(Failure To Allege Facts To Support Restitution)

21       41.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

22   extent that Plaintiff cannot show a specific and individualized amount of property claimed by Plaintiffs

23   and/or any other member of the purported class, as required for a remedy of restitution under the UCL.

### FORTY-SECOND ADDITIONAL DEFENSE

(Lack Of Standing To Request A Jury Trial)

26       42.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

27   extent that Plaintiff seek a jury trial for claims that are of a nature or right that did not provide for a jury

28

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

1   trial at common law prior to the adoption of the California Constitution.  To the extent that Plaintiff

2   seeks a jury trial for such claims, there is no such jury trial right.

3   ### FORTY-THIRD ADDITIONAL DEFENSE

4   (Lack Of Standing For Injunctive Relief)

5   43.   The claims of Plaintiffs and putative members of the purported class for injunctive and

6   other equitable relief are barred because Plaintiffs are former employees and thus have no standing to

7   seek injunctive or other equitable relief.

8   ### FORTY-FOURTH ADDITIONAL DEFENSE

9   (Inability To Pursue Penalties Under The UCL)

10   44.   Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

11   extent that Plaintiff seeks penalties, not restitution, for alleged violations of the Labor Code that form the

12   basis of their claims under the UCL.

13   ### FORTY-FIFTH ADDITIONAL DEFENSE

14   (Inability To Recover Attorneys' Fees Under The UCL)

15   45.   Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

16   extent that Plaintiff seeks attorneys' fees and costs because Plaintiff cannot show the enforcement of an

17   important right affecting the public interest.

18   ### FORTY-SIXTH ADDITIONAL DEFENSE

19   (Inability To Pursue Legal And Equitable Claims Involving Same Alleged Facts)

20   46.   Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

21   extent that Plaintiff seeks a jury trial for their legal claims based on the California Labor Code while

22   simultaneously seeking equitable relief for their claims under the UCL.  Given that these claims require

23   different triers of fact to address the same facts and legal theories, Plaintiff's request for both legal and

24   equitable relief may lead to inconsistent results.  Also, because Plaintiff's claims under the California

25   Labor Code involve the same facts and legal theories as Plaintiff's claims under the UCL, Defendants is

26   necessarily denied the benefits of the streamlined procedure based on the UCL if Plaintiffs continue to

27   pursue both legal and equitable claims.

28

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

## FORTY-SEVENTH ADDITIONAL DEFENSE

### (Not Appropriate For Class Action)

47.     Plaintiff's Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff cannot establish numerosity; (b) Plaintiff is an inadequate representatives of the purported class; (c) Plaintiff cannot establish commonality of claims; (d) Plaintiff cannot establish typicality of claims; and (e) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

## FORTY-EIGHTH ADDITIONAL DEFENSE

### (Class Action Not Appropriate Because
### Putative Class Members Have The Right To Enforce The Arbitration Agreement)

48.     Plaintiff's Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because to the extent the putative class members agreed to arbitrate claims alleged in the Complaint and have the right to enforce the arbitration agreement.

## FORTY-NINTH ADDITIONAL DEFENSE

### (Uncertainty)

49.     The claims of Plaintiff and putative members of the purported class are barred in whole or in part, because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

## FIFTIETH ADDITIONAL DEFENSE

### (No Ascertainable Class)

50.     The putative class that the named Plaintiffs purport to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

## FIFTY-FIRST ADDITIONAL DEFENSE

### (Class Action Not Superior Method Of Adjudication)

51.     The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method of adjudicating this dispute.

19710293v.3

### FIFTY-SECOND ADDITIONAL DEFENSE

(Inadequate Class Counsel)

52.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff's Counsel are not an adequate representative of alleged class, particularly to the extent that Counsel have been found to have engage in acts of fraud, dishonesty, or breach of fiduciary duty.  As such, the class action claims and allegations fail as a matter of law.

### FIFTY-THIRD ADDITIONAL DEFENSE

(Adequate Remedy At Law)

53.     Plaintiff is not entitled to the equitable relief sought insofar as they have an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

### FIFTY-FOURTH ADDITIONAL DEFENSE

(Setoff And Recoupment)

54.     To the extent a court holds that Plaintiffs or putative members of the purported class are entitled to damages or penalties, which are specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or putative members of the purported class owed to Defendants against any judgment that may be entered against Defendants.

### FIFTY-FIFTH ADDITIONAL DEFENSE

(Unjust, Arbitrary, And Oppressive, Or Confiscatory Penalties)

55.     Plaintiff and putative members of the purported class are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

### FIFTY-SIXTH ADDITIONAL DEFENSE

(Conduct Reasonable And In Good Faith/Not Willful)

56.     To the extent a court holds that Plaintiffs or putative members of the purported class are entitled to damages or penalties, which are specifically denied, Defendants acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with California wage and

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

1   hours laws.  Consequently, Defendants' conduct was not knowing or willful within the meaning of the

2   California Labor Code.

3                 **FIFTY-SEVENTH ADDITIONAL DEFENSE**

4                         (Due Process/Excessive Fine)

5        57.    Although Defendants deny that they have committed or has responsibility for any act that

6   could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or

7   responsibility is found, recovery of civil penalties against Defendants are unconstitutional under

8   numerous provisions of the United States Constitution and the California Constitution, including the

9   excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and

10   Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and

11   other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article

12   I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I,

13   and other provisions of the California Constitution.

14                     **RESERVATION OF RIGHTS**

15        Defendants presently have insufficient knowledge or information upon which to form a belief

16   whether there may be additional, as yet unstated, defenses.  Defendants reserve the right to assert

17   additional defenses in the event that discovery or investigation indicates that such defenses would be

18   appropriate.

19        To the extent that Defendants have not expressly admitted an allegation of the Complaint or

20   denied an allegation of the Complaint based on a lack of knowledge and information, Defendants deny

21   all further and remaining allegations of the Complaint, and no response contained herein is intended to

22   constitute a waiver of such denial

23                       **PRAYER FOR RELIEF**

24       WHEREFORE, Defendants pray for judgment as follows:

25        1.    That Plaintiff takes nothing by their Complaint on file herein;

26        2.    That judgment be entered in favor of Defendants and against Plaintiff on all causes of

27   action;

28        3.    That Defendants be awarded reasonable attorneys' fees according to proof;

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

19710293v.3

4.      That Defendants be awarded attorney fees and costs of suit incurred herein; and

5.      That Defendants be awarded such other and further relief as the Court may deem

appropriate.

DATED: May 27, 2015

SEYFARTH SHAW LLP

By: _____

Rocio Herrera
Attorneys for Defendants
WIPRO, LTD, and WIPRO, LLC (erroneously sued as
WIPRO, INC.)

15

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA        )
                           )  ss
3

COUNTY OF LOS ANGELES      )

4

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 333 South Hope Street, Suite 3900, Los Angeles, California 90071. On May 27, 2015, I served the within documents:

5

6

**DEFENDANTS WIPRO, LLC AND WIPRO, LTD'S ANSWER
TO CLASS ACTION COMPLAINT**

7

8

☑   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

9

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

11

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

12

☐   I sent such document from facsimile machine (213) 270-9601. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 270-9601 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

13

14

15

Richard L. Kellner
KABATECK BROWN KELLNER LLP          *Attorneys for Plaintiff*
644 S. Figueroa Street               *and all others similarly situated*
Los Angeles, CA 90017
rlk@kbklawyers.com
Tel: (213) 217-5000
Fax: (213) 217-5010

16

17

18

19

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

20

21

22

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

    Executed on May 27, 2015, at Los Angeles, California.

25

_____
                                    Elsa Terre

26

27

28

16

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT