# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURI PAYALA, an individual; on behalf of themselves and all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>WIPRO TECHNOLOGIES, INC.; WIPRO, LTD; and WIPRO INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:15-cv-04063-JAK-JPR<br><br>HON. JOHN A. KRONSTADT<br>CRTRM 760<br><br>**ORDER RULING ON DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**(Dkt. 30-1)** |

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

Defendants WIPRO, LTD and WIPRO, LLC., hereby submit the following objections to Plaintiff SURI PAYALA's evidence in support of his Motion for Class Certification.

## DECLARATION OF SURI PAYALA

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| 1.     Payala Dec. ¶ 5:13-14. "A large part of Wipro's business is the outsource of skilled Wipro employees to other corporations located around the world — including the United States. " | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; The statement lacks foundation and is speculative. Furthermore, whether Wipro outsources employees to corporations located around the world is irrelevant. | Sustained: _____ <br><br> **Denied: _X___** |
| 2.     Payala Dec. ¶ 5:15-16. "My understanding is that the Wipro workers are paid at rates that are substantially lower than comparably skilled employees at the locations where they are outsourced." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701-702. **Improper legal conclusion** Fed. R. Evid. 704. Plaintiff's contentions that Wipro workers are paid | **Sustained: X__** <br><br> **Denied: _____** |

1

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | "substantially" less than comparable employees lacks foundation and is an improper opinion/ legal conclusion. He does not provide any information, other than his speculation for his "understanding" that Wipro employees are paid less. | |
| 3.      Payala Dec. ¶ 5:16-19. "[T]he Wipro compensation to its workers who relocate to foreign countries is still greater than that paid to them in India. That gross pay, however, does not take into consideration the considerable higher "cost of living" in the foreign countries." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701. Plaintiff's contentions that the compensation Wipro pays is greater than paid in India, lacks foundation and is an improper legal conclusion. Plaintiff has not identified any employees or salaries, that would warrant such an opinion. Further, whether | Sustained: _____<br><br>Denied: _X___ |

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | employees earn more or less in India is irrelevant to the issues in this case--whether Wipro employees in California were paid pursuant to California law. | |
| 4.    Payala Dec. ¶ 7, in its entirety. "I have since learned that Wipro misrepresented on the visa application the work that I would be doing in the United States, apparently with the intent to by-pass United States immigration rules. This included a misrepresentation that I would be implementing a WiStream program at Directv. My understanding is that Directv never utilized the WiStream program." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701; **Improper legal conclusion** Fed. R. Evid. 704. Plaintiff's contentions that Wipro "misrepresented" his visa application with the "intent to bypass" immigration rules lacks foundation and is an improper legal conclusion. His statements are entirely speculative and lack foundation. | **Sustained: X__** **Denied: _____** |

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | | |
| 5.      Payala Dec. ¶ 8:5-6. "The job title of Architect generally entails tasks associated with the testing and maintenance of existing computer program products at a Wipro client." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701; **Improper legal conclusion** Fed. R. Evid. 704. Plaintiff's contentions that the job title of Architect entails testing and maintenance of computer programs lacks foundation, is speculative and is an improper legal conclusion. As Plaintiff admitted in his deposition Wipro technicians perform very different types of work - -"in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those | **Sustained:** ____  **Denied: X**____ |

-4-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | technicians at those clients." (Pl. Dep. 16:23-17:1, 11) | |
| 6.     Payala Dec. ¶ 9:7-8. "While at Directv, my tasks were primarily software testing of existing Directv productions. Again, that is consistent with the responsibilities of an Architect." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701; **Improper legal conclusion** Fed. R. Evid. 704. Plaintiff's contentions that the responsibilities of an architect with any client as consistent with his job duties lacks foundation, is speculative and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types --"in order to find out what technicians were doing at any of Wipro's other 100-plus clients in | **Sustained:** ____  **Denied:** __X__ |

-5-

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | California, we would have to ask those technicians at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 (same). | |
| 7.      Payala Dec. ¶ 10:11-12. "The other Wipro employees at Directv who are included in this class performed comparable job duties." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant**  Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701; **Improper legal conclusion** Fed. R. Evid. 704. Plaintiff's contentions that other Wipro employees at DirecTV performed comparable job duties lacks foundation, is speculative and are an improper legal conclusion. As Plaintiff | Sustained: _____  Denied: _X___ |

-6-

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | admitted "the clients of Wipro might have a variety of different projects within the same client." (Pl. Dep. 12:11-13). See e.g., Balamurugan Sivalingman Dec. ¶ 4, Piyush Trikha Dec. ¶¶ 6, 8. | |
| 8.      Payala Dec. ¶ 12:16. "My employment was governed by Wipro's employment manuals…" | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701; **Best Evidence Rule** Fed. R. Evid. 1002. Plaintiff's contentions that his employment was solely governed by Wipro's employment manuals lacks foundation, is speculative, is an improper legal conclusion, and violates the Best | Sustained: ____  Denied: _X___ |

-7-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | Evidence Rule. | |
| 9.     Payala Dec. ¶ 14, in its entirety. "It is my understanding from the policies and information obtained in this case that the QPLC quarterly target payments are not guaranteed, and the payments can be made at Wipro's sole discretion. A true and correct copy of Wipro's policies with respect to the QPLC is attached hereto as Exhibit C." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602<br>**Irrelevant**  Fed. R. Evid. 402, 401;<br>**Best Evidence Rule** Fed. R. Evid. 1002;<br>**Improper legal conclusion** Fed. R. Evid. 704. Plaintiff lays no foundation authenticating Wipro's policies related to the QPLC, or how he obtained the exhibit. Further his understanding about the meaning of the policies after litigation has commenced is irrelevant, lacks foundation, is speculative, and is an improper legal conclusion. | Sustained: X__<br><br>Denied: _____ |
| 10.     Payala Dec. ¶ 15:28-16:2. "Wipro's U.S. Policy Manual contains the grounds for an | **Lacks Foundation/ Speculation** Fed. R. Evid. 602 | Sustained: ____<br><br>Denied: _X___ |

-8-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| employee being designated as "exempt." A true and correct copy of the US Policy Manual dealing with the definition of "exempt" employees is attached as Exhibit D. I have never seen any writing that provides different rules by which Wipro determines "exempt" status for California employees." | **Irrelevant** Fed. R. Evid. 402, 401; **Best Evidence Rule** Fed. R. Evid. 1002; **Improper legal conclusion** Fed. R. Evid. 704. Plaintiff's contentions that the attached manual was the sole basis for categorizing an employee as exempt lacks foundation, is speculative, an improper legal conclusion, and violates the Best Evidence Rule. He also lays no foundation to authenticate the attached Exhibit. Further, Plaintiff ignores that Wipro's policies, as set forth in the Manual, explicitly provides that exemptions are determined based on the "Fair Labor Standards Act and state law. Finally, whether Plaintiff has seen any writing providing rules for | |

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | categorizing employees as exempt is irrelevant. | |
| 11.    Payala Dec. ¶ 16 in its entirety and Exhibit E. "As a Wipro employee, I was required to enter the time I actually spent on work assignment on Wipro's internal Time Management System ("TMS") program. The policy manual addressing the obligation to enter time on TMS is attached hereto as Exhibit E." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701; **Improper legal conclusion** Fed. R. Evid. 704; **Best Evidence Rule** Fed. R. Evid. 1002. Plaintiff lays no foundation for Wipro's purported time entry policy. Furthermore, whether Plaintiff was required to record time he actually worked is irrelevant, as Plaintiff testified that he recorded 9.5 hours per day, regardless of how long he worked. (Pl. Dep. 183:21-23; 184:3-11). Furthermore, the best evidence of what the | Sustained: ____  Denied: _X___ |

-10-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | policy required is the policy. | |
| 12.     Payala Dec. ¶ 17:9-11. "Pursuant to Wipro policy, we were required to enter time in increments of one-tenth an hour. There is no drop down for meal breaks — since that is not work time that is to be entered in TMS." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701; **Best Evidence Rule** Fed. R. Evid. 1002. Plaintiff lays no foundation for Wipro's purported time entry policy. The Best Evidence Rule provides that the best evidence of the policy is the policy. Plaintiff's opinion of what the policy required is irrelevant, lacks foundation and is improper opinion testimony. Furthermore, whether exempt employees recorded meal or rest breaks, or recorded time in one-tenth increments is irrelevant. This action does | **Sustained:** ____  **Denied:** _X___ |

-11-

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | not allege meal break violations and there is no requirements that exempt employees record hours worked. Finally, Plaintiff testified that he recorded 9.5 hours per day, regardless of how long he worked. (Pl. Dep. 183:21-23; 184:3-11). | |
| 13.    Payala Dec. ¶ 18:13-15. "Because of the demands to get certain projects completed, I regularly spent more than 8 hours a day at Directv (and also on the phone with India after hours). My time is entered in the TMS program." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; <br> **Irrelevant**  Fed. R. Evid. 402, 401; <br> **Improper opinion testimony** Fed. R. Evid. 701. Plaintiff lays no foundation for Wipro's purported time entry policy and the best evidence of the policy is the Policy. Further, Plaintiff testified that he recorded 9.5 hours per day, regardless of how long he worked. (Pl. | **Sustained:** __ <br><br> **Denied:** _X___ |

-12-

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | Dep. 183:21-23; 184:3-11). | |
| 14.    Payala Dec. ¶ 19:17- "From that point forward, my professional relationship with Wipro deteriorated considerably." | **Irrelevant**  Fed. R. Evid. 402, 401; **Lacks Foundation/ Speculation** Fed. R. Evid. 602. This action does not involve a claim for retaliation and Plaintiff's belief that his relationship with Wipro deteriorated because he filed a complaint is nothing but conjecture. | Sustained: X__  Denied: _____ |
| 15.    Payala Dec. ¶ "Wipro started to treat me very badly." | **Irrelevant**  Fed. R. Evid. 402, 401; **Lacks Foundation/ Speculation** Fed. R. Evid. 602. This action does not involve a claim for retaliation and Plaintiff's belief that Wipro treated him badly is nothing but conjecture. | Sustained: _X_  Denied: _____ |
| 16.    Payala Dec. ¶ 22. "The abrupt transfer caused me a | **Irrelevant**  Fed. R. Evid. 402, 401; | Sustained: X__ |

-13-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| great deal of hardship, because it also entailed me moving my family (along with my school age children)." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602.<br>This action does not involve a claim for retaliation and Plaintiff's belief that the transfer caused his hardship lacks foundation. Plaintiff does not allege that he was promised that he could remain in California for any extended period of time. Before his transfer to DirecTV, Plaintiff worked at TiVo and returned to India upon the completion of the assignment. (Pl. Dep. 12:2-3; 22:9-16, 18:21-23; 152:4-8). | **Denied:** _____ |
| 17.    Payala Dec. ¶ 23, in its entirety.<br>"When I got back to India, I was isolated and not given **any work.** As a professional who had been performing at a high level for Wipro for many years — including | **Irrelevant**  Fed. R. Evid. 402, 401;<br>**Lacks Foundation/ Speculation** Fed. R. Evid. 602.<br>This action does not involve a claim for retaliation and | **Sustained: X__**<br><br>**Denied:** _____ |

-14-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| periodic relocations abroad — this treatment was extremely difficult to take. For over five months, I languished at work without any assignments. Finally, on August 14, 2015, I had no choice but to resign from Wipro." | Plaintiff's subjective belief that he was not "given any work" lacks foundation. He has not alleged that Wipro was responsible for finding Payala work, or that his requests for assignments were denied. | |
| 18.　Payala Dec. ¶ 24:3. "Through all of this horrible treatment …" | **Irrelevant** Fed. R. Evid. 402, 401; <br><br>**Lacks Foundation/ Speculation** Fed. R. Evid. 602. <br> This action does not involve a claim for retaliation and Plaintiff's subjective belief that he was "horribly treated" is irrelevant, and lacks foundation. | Sustained: _X_ <br><br> Denied: _____ |
| 19.　Payala Dec. ¶ 25, in its entirety. "I spent a great deal of time with my attorneys to determine which job titles at Wipro generally entailed job duties primarily | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; <br><br>**Irrelevant** Fed. R. Evid. 402, 401; <br><br>**Improper opinion testimony** | Sustained: X__ <br><br> Denied: _____ |

-15-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| involve computer trouble-shooting, testing and de-bugging of existing third party company's products. While I do not know the precise work that each class member does, the job titles provide a good description of the general parameters of the work to be performed." | Fed. R. Evid. 701-702. Plaintiff admits that he does not know the "work each class member does" and that "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians at those clients." (Pl. Dep. 16:23-17:1, 11, 162:25-162:11, 218:15-220:2). Accordingly, his statement is an improper legal conclusion, lacks foundation, and is speculative. | |
| 20.    Payala Dec. ¶ 27:20-22. "My injuries and damages are similar to those of the putative class members." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper opinion testimony** Fed. R. Evid. 701. That Plaintiff has suffered any damages or that they are | **Sustained: X__**  **Denied: _____** |

-16-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | similar to those of the class lacks foundation and is a legal conclusion. | |
| 21.  Payala Dec. ¶ 28:25-26. "I am a strong advocate for this case and I have no existing conflicts with the Class members." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant**  Fed. R. Evid. 402, 401; **Improper legal conclusion** Fed. R. Evid. 704. Plaintiff does not have sufficient personal knowledge to assert he does not have conflicts of interest with other employees in the class; this statement lacks foundation, is speculative and constitutes an improper legal conclusion. | Sustained: _X_  Denied: _____ |
| 22.  Payala Dec. ¶ 31 "I believe the saving of time, money, and effort resulting from certifying this case will benefit all the parties and the court." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant**  Fed. R. Evid. 402, 401; **Improper legal conclusion** Fed. R. Evid. 704. | Sustained: _X_  Denied: _____ |

-17-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | That Plaintiff believes certification will benefit the court and the parties is irrelevant, lacks foundation and is an improper legal conclusion. | |

## DECLARATION OF RICHARD L. KELLNER

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| 23.    Kellner Dec. ¶ 24, in its entirety.<br><br>"Mr. Payala and I then conducted a comprehensive review of the job descriptions provided by Wipro for the job titles that Plaintiff included in the original class definition. We also took into account Mr. Payala's knowledge of the type of work generally associated with each of the job titles to preliminarily determine which job titles were non-supervisory, in which their primary job duties are computer | **Lacks Foundation/ Speculation** Fed. R. Evid. 602;<br><br>**Improper legal conclusion** Fed. R. Evid. 704.<br><br>The statement lacks foundation and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types -- "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians | **Sustained:** ____<br><br>**Denied:** _X___ |

-18-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| troubleshooting, testing and debugging of existing third party company's products." | at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 (same). | |
| 24.      Kellner Dec. ¶ 25, in its entirety.<br>"~~To verify the correctness of the class definition~~, we then has cross-checked Wipro's job descriptions with "task description" entries in the time sheets for the 160 employee sampling provided in discovery, to ensure that the class members ~~predominantly~~ worked on troubleshooting, testing and debugging of ~~existing third party company's products~~." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602;<br>**Improper legal conclusion** Fed. R. Evid. 704.<br>The statement lacks foundation and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types -- "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects | **Sustained: X__ (IN PART) Denied: _____** |

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | would do work that was different from his work at DirecTV ), 218:15-220:2 (same). | |
| 25.     Kellner Dec. ¶ 26, in its entirety.<br><br>"We then only included job titles in which the employee task entries were predominantly: (a) testing; (b) coding and testing; (c) test design and development; (d) service requests; (e) incidents-problem management; (f) maintenance and unit testing; (g) bug; (f) routine tasks and service requests; and (g) warranty support." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602;<br><br>**Improper legal conclusion** Fed. R. Evid. 704.<br>The statement lacks foundation and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types -- "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 | Sustained: _____<br><br>Denied: __X__ |

-20-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | (same). | |
| 26.    Kellner Dec. ¶ 27, in its entirety. "The resulting list of job titles included in the class is: (1)Solutions Delivery Analyst; (2) Specialist; (3) Technical Lead/Leader; (4) Architect; (5) Test Lead; (6) Project Lead/Leader; (7) Consultant [including Associate and Technical Consultant]; (8) Project Engineer; (9) Sr. Test Engineer; and (10) Sr. Software Engineer." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Improper legal conclusion** Fed. R. Evid. 704. The statement lacks foundation and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types -- "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 (same). | **Sustained: ____** **Denied: __X__** |
| 27.    Kellner Dec. ¶ 28, in its entirety. | **Lacks Foundation/ Speculation** Fed. R. Evid. | **Sustained: ____** |

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| "We then attempted to get an estimate of the percentage of individuals in these job titles who recorded time entries that would qualify for overtime payments during pay periods in which their guaranteed salaries were below the threshold for computer workers under IWC Wage Order 4-2001 and Labor Code § 515.5 (i.e., monthly guaranteed salaries of $6,587.50 in 2011; $6,752.19 in 2012; $6,927.75 in 2013; $7,010.83 in 2014; $7,165.12 in 2015." | 602;<br><br>**Improper legal conclusion** Fed. R. Evid. 704.<br>The statement lacks foundation and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types -- "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 (same). | **Denied: _X___** |
| 28.      Kellner Dec. ¶ 29, in its entirety.<br>"Our analysis ~~determined that~~ over 56% of these employees recorded unpaid overtime hours in the pay | **Lacks Foundation/ Speculation** Fed. R. Evid. 602;<br>**Improper legal conclusion** Fed. R. Evid. 704. | **Sustained: _X_ (IN PART)**<br>**Denied: _____** |

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| periods when Wipro paid them less than the minimum salaries for computer worker exemptions under Labor Code § 515.5." | The statement lacks foundation and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types -- "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians at those clients." (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 (same). | |
| 29.    Kellner Dec. ¶ 30, in its entirety.<br><br>"Based upon a class size of over 1,000 Wipro employees included in the production of wage information for employees in the original job title, and taking into account that there has been a slight | **Lacks Foundation/ Speculation** Fed. R. Evid. 602;<br>**Improper legal conclusion** Fed. R. Evid. 704. The statement lacks foundation and is an improper legal conclusion. Plaintiff | **Sustained:** ____<br><br>**Denied: X**____ |

-23-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| reduction in the job titles included in the class definition for this motion, we estimate that the class will include well over 400 class members." | admits that Wipro technicians perform very different types -- "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 (same). | |
| 30.     Kellner Dec. ¶ 31, in its entirety. <br><br>"In addition, we undertook a calculation to determine the percentage of class members who have been designated as exempt in the class. We did this by reviewing the excel spreadsheets that contained the wage information for the class (Exh. H), which contained the employee | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; <br><br>**Improper legal conclusion** Fed. R. Evid. 704. The statement lacks foundation and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types -- "in order to find out what | **Sustained: X__ (IN PART) Denied: _____** |

-24-

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| identification numbers and whether they were exempt or non-exempt. The following are the percentages of employees who were designated as exempt for each year of wage information provided: (a) 2011 — over 92% (b)2012 — over 91% (c) 2013 — over 92% (d)2014 — over 93% (e) 2015 — over 92%. " | technicians were doing at any of Wipro's other 100-plus clients in California, we would have to ask those technicians at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 (same). | |
| 31.      Kellner Dec. ¶ 32, in its entirety. "We also cross checked the accuracy of the wage information by looking at wage statements provided for some of the employees. These contained a breakdown of the components of the compensation. Attached hereto as Exhibit J is a sampling of wage statements." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Improper legal conclusion** Fed. R. Evid. 704. The statement lacks foundation and is an improper legal conclusion. Plaintiff admits that Wipro technicians perform very different types -- "in order to find out what technicians were doing at any of Wipro's other 100-plus clients in California, we would | Sustained: ____ Denied: __X__ |

-25-

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
|  | have to ask those technicians at those clients."  (Pl. Dep. 16:23-17:1, 11, 162:25-162:11 (admitting that L1 Architects would do work that was different from his work at DirecTV ), 218:15-220:2 (same). |  |
| 32.      Kellner Dec. ¶ 34, in its entirety. "When I deposed Wipro's corporate representative, she testified that there was a team of legal, HR and business personnel at Wipro who conducted an individual analysis of each Wipro employee in California to determine whether or not their job duties would qualify them for the "administrative" exemption." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Best Evidence** Fed. R. Evid. 1002 **Hearsay** Fed. R. Evid. 801/802. Counsel's interpretation of the deposition of Wipro's corporate representative lacks foundation. The excerpt of the deposition testimony of the witness is the best evidence of her testimony.  Further, Mr. Kellner's statements regarding the testimony of the corporate representative constitutes | **Sustained:** _X_  **Denied:** _____ |

-26-

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | hearsay. | |
| 33.     Kellner Dec. ¶ 35, in its entirety.<br><br>"To date, Wipro has not produced one document that includes any "specific job description that [an employee] is doing at the client location", or any other evidence to verify that Wipro actually made the individualized "exempt/non-exempt" determinations as stated in the above deposition excerpt." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602;<br><br>**Improper legal conclusion** Fed. R. Evid. 704. Counsel's statement lacks foundation and is an improper legal conclusion. He has provided no evidence suggesting that exemption determinations were made by Wipro by looking at written job descriptions or by an official team. As explained by Wipro's Rule 30(b)(6) corporate representative, for each new assignment there is a collaborative process specific to each particular employee and their particular client (Rodrigues Dep. 18:18-19:9). The team of people who participate in the collaborative process to determine exempt | Sustained: X__<br><br>Denied: _____ |

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | Ruling |
|---|---|---|
| | status is different for different employees on different assignments, depending on different business needs (Rodrigues Dep. 36:18-25). | |

### DECLARATION OF KAMAL JAIN

| Plaintiff's Purported Evidence | Defendants' Objections | |
|---|---|---|
| 34.    Jain Dec. ¶ 4, in its entirety. "In the Fall of 2014, Wipro asked if I was interested in working in the United States. Wipro prepared all of the paperwork for me to apply for a visa to work in the United States." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401. Plaintiff does not have sufficient personal knowledge to assert Wipro prepared all of the paperwork for a visa. Furthermore, that Wipro may have prepared the visa paperwork is irrelevant to an exemption case. | Sustained: ____ Denied: _X___ |
| 35.    Jain Dec. ¶ 5:18-20. "This was comparable to the type of work done by other Wipro employees at Mazda. There were | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; | Sustained: ____ Denied: _X___ |

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | |
|---|---|---|
| no management duties or work particular to Mazda's general business operations." | **Vague and ambiguous.** Mr. Jain's statement that the work he performed was "comparable to the work performed by other Wipro employees" is vague and ambiguous. Furthermore, the statement lacks foundation and is speculative. | |
| 36.     Jain Dec. ¶ 6:22-25. "I entered my time on the TMS system, yet Wipro refused to pay me overtime. It should be noted that the TMS system only has entries for work being done. There is no place to enter time for meal or rest breaks." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper legal conclusion** Fed. R. Evid. 704. Mr. Jain's statement that there was no place to enter time for meal or rest breaks is irrelevant, as this case does not assert a meal or wage break violation. Further the statement that Wipro refused to pay him overtime lacks foundation and is an improper legal conclusion that he was a nonexempt | Sustained: ____ Denied: __X__ |

-29-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | |
|---|---|---|
| | employee entitled to overtime. | |
| 37.     Jain Dec. ¶ 8, in its entirety. "I followed up with Wipro management to find out how I could be considered "exempt," since I was not aware of any information that would justify Wipro taking that position. My conversations were both oral and in written emails. Basically, I was told that I was exempt because I was involved in computer programming." | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant** Fed. R. Evid. 402, 401; **Improper legal conclusion** Fed. R. Evid. 704; **Hearsay** Fed. R. Evid. 801/802. The statement that he was not aware of any information that would justify Wipro taking the position that he was exempt is irrelevant and is premised on an improper legal conclusion that he was a nonexempt employee entitled to overtime. Mr. Jain's statement about what he was told are hearsay. | Sustained: ____  Denied: __X__ |
| 38.     Jain Dec. ¶ 11, in its entirety. "With respect to present Wipro employees, it is my belief that they will not actively participate in this litigation because of fear that | **Lacks Foundation/ Speculation** Fed. R. Evid. 602; **Irrelevant**  Fed. R. Evid. 402, 401**.** Mr. Jain's statement that he believes other employees will | Sustained: X__  Denied: _____ |

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4

| Plaintiff's Purported Evidence | Defendants' Objections | |
|---|---|---|
| they will be sent back to India by Wipro." | not participate in this lawsuit because they fear they will be sent to India is based entirely on conjecture, lacks foundation, and is irrelevant. Further there is no foundation for his belief that all Wipro employees in California are from India. | |

## DECLARATION OF MARK O. FALKENHAGEN

Defendants hereby object to the Expert Report of Mark O. Falkenhagen  Each specific objection is set forth below. The entire document is inadmissible for the following reasons:

40. **There is nothing scientific, technical, or specialized about Falkenhagen's opinions that will assist the trier of fact to understand the evidence or determine a fact in issue.** Fed. R. Evid. 702. Expert testimony in the form of an opinion must be scientific, technical, or specialized. Falkenhagen's opinions are neither—conducting basic math calculations does not require any specialized knowledge that Fed. R. Evid. 702 requires.

41. **Falkenhagen is not qualified to provide purported interpretations of California law or calculate damages.** Falkenhagen works at a "forensic consulting firm" Falkenhagen Decl. ¶ 3. Falkenhagen does not establish any qualifications that would render him qualified on whether a person accurately recorded hours works or

-31-

25071644v.4

whether any putative class member was probably categorized as exempt or non-exempt and was owed overtime.

42. Falkenhagen admitted that he could not testify whether his "sample of approximately 130 people could be extrapolated to the entire class with any degree of statistical certainty." (Falkenhagen Dep. 33:24-34:3). Nor could he testify as to "what would be the margin of error." (Falkenhagen Dep. 94:10-13). Falkenhagen's declaration fails to comport with the requirements of Fed. R. Evid. 702 that a proffered expert be "qualified...by knowledge, skill, experience, training, or education…."

43. Falkenhagen's declaration consists entirely of legal conclusions and assumptions that have no basis and will not assist the trier of fact to understand the evidence or determine a fact in issue, including damages. The court can make these determinations on its own. Fed. R. Evid. 702. A sampling of Falkenhagen' inadmissible legal conclusions and opinions are as follows:

"Determination of Class Members: Using the class member wage data provided, **I will identify whether employees are exempt or non-exempt by comparing their regular wage rate with the legal threshold for exempt or non-exempt workers as specified by Wage Order 4-2001 Section 1 (A)(3)(h)**." Falkenhagen Decl. ¶ 10 (emphasis added).

"Determination of Overtime Hours Worked by Non-Exempt Workers: For each non-exempt putative class member, using the employee time records indicating hours worked by date, I will calculate regular (0 – 8 hours per diem); overtime (8 < hours < 12); and double-time (hours > 12) hours worked. Overtime computed in excess of 40 hours in a workweek.." Falkenhagen Decl. ¶ 11.

"Determination of Unpaid Overtime and Double-time Hours by Non-Exempt Workers: For each putative class member who worked overtime and / or double-time, I will calculate the overtime and double-time wages s/he should have been paid and

25071644v.4

compare them to the wages s/he was actually paid. The difference will constitute unpaid overtime and double-time wages." Falkenhagen Decl. ¶ 12.

"Determination of Penalties: For each putative class member with unpaid overtime and double-time hours worked, I will assess penalties for: (1) inaccurate pay statements according to California Labor Code Section 226 (e) at $50.00 for the first incident and $100.00 thereafter; and (2) waiting time penalties according to California Labor Code Section 203 at 30 days multiplied by average daily wages." Falkenhagen Decl. ¶ 13.

"The time records produced (as exemplified in the spreadsheet containing sample data on hours worked by Wipro Employees: 23709132_3_Payala - Sample 2 - time records for production) are an accurate reflection of hours worked by Wipro employees." Falkenhagen Decl. ¶ 15:19-22.

"The mode of pay (the most common amount paid for period wages) for a particular period is assumed to reflect the employee's regular pay rate for the purpose of determining legal exempt or non-exempt status for a calendar year. Any period wages above the mode of pay (the most common amount paid for period wages) in a calendar year are assumed to reflect additional bonus pay." Falkenhagen Decl. ¶ 15:23-25.

"Any period wages beneath the mode of pay (the most common amount paid for period wages) in a calendar year are assumed to reflect less than full-time work for that pay period, e.g., fewer than 80 hours worked for a biweekly pay period." Falkenhagen Decl. ¶ 15, at p. 4:1-4.

**Sustained: _____**     **Overruled: ___X____**

**IT IS SO ORDERED.**

Dated: August 23, 2016

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

-33-

ORDER RULING ON DEFTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE ISO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 2:15-cv-04063-JAK-JPR

25071644v.4